Mary PARKER, Plaintiff–Appellant,

v.

**BOARD OF PUBLIC UTILITIES OF KANSAS CITY, KANSAS,** Defendant–Appellee.

No. 94–3335.

United States Court of Appeals, Tenth Circuit.

March 6, 1996.

---

Michael R. McIntosh, Kansas City, Kansas, for Plaintiff–Appellant.

Henry E. Couchman, Jr. and Daniel B. Denk of McAnany, Van Cleave & Phillips, P.A., and Harold T. Walker, City of Kansas City, Legal Department, Kansas City, Kansas, for Defendant–Appellee.

Before PORFILIO, KELLY, and LUCERO, Circuit Judges.

PAUL KELLY, Jr., Circuit Judge.

This appeal arises from plaintiff's employment with the Board of Public Utilities for Kansas City, Kansas.[1] She was terminated from her employment and, as a result, brought an action against her former employer, asserting claims of due process violation, breach of implied contract, and discrimination based on both race and sex. The district court granted summary judgment in favor of defendant, and it is from that order that plaintiff appeals.

We must begin by examining defendant's contention that this court lacks jurisdiction to hear this appeal. The district court entered its summary judgment order on August 1, 1994. Pursuant to Fed.R.Civ.P. 59(e), plaintiff filed a motion for reconsideration and to alter or amend judgment on August 18, 1994, thirteen days after the summary judgment order was entered.[2] The district court denied the motion for reconsideration and to alter or amend judgment on September 15, 1994. Plaintiff filed a notice of appeal from both the summary judgment and reconsideration orders on October 3, 1994.

The filing of a timely notice of appeal is an absolute prerequisite to our jurisdiction. *Utah Women's Clinic, Inc. v. Leavitt*, 75 F.3d 564, 566–67 (10th Cir.1996). Fed.R.App.P. 4(a)(1) provides that, in a civil case where the United States is not a party, the notice of appeal shall be filed with the district court within thirty days after the date of entry of the judgment or order appealed from. There is no question in this case that the notice of appeal was filed more than thirty days after the summary judgment order was entered. Plaintiff contends, however, that the time for filing her notice of appeal was tolled by her motion for reconsideration and to alter or amend judgment. Indeed, the filing of a *timely* motion pursuant to Fed.R.Civ.P. 59 tolls the time for filing a notice of appeal until entry of the order disposing of the motion. Fed.R.App.P. 4(a)(4)(E). The timeliness of plaintiff's notice of appeal turns on whether her Rule 59(e) was timely. It is to that issue that we now turn.

Plaintiff's motion for reconsideration and to alter or amend judgment was filed thirteen days after the district court's summary judgment motion was entered. Rule 59(e) provides that "[a] motion to alter or amend the judgment shall be served not later than

---

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

2. In calculating the Rule 59(e) ten-day period relative to the district court's summary judgment order, the day the order was filed and intermediate Saturdays, Sundays, and legal holidays are not included in the computation. Fed.R.Civ.P. 6(a).

10 days after entry of the judgment." Plaintiff acknowledges the ten-day time limit contained in the rule, but citing Fed.R.Civ.P. 6(e), argues that she was entitled to three additional days to serve her Rule 59 motion because she received notification of the district court's summary judgment order by mail. If plaintiff's contention is correct, service of her motion within thirteen days would have rendered it timely for purposes of Fed. R.App.P. 4(a)(4)(E) and, thus, her notice of appeal would be timely because it was filed within thirty days of the district court's denial of her Rule 59 motion. Plaintiff's argument, however, is unpersuasive.

The three additional days plaintiff refers to in her argument are only available "[w]henever a party has the right or is required to do some act or take some proceedings within a prescribed period *after the service* of a notice or other paper upon the party and the notice or paper is served upon the party by mail." Fed.R.Civ.P. 6(e) (emphasis added). However, the ten-day period specified in Rule 59(e) is triggered by entry of the judgment, not by service of notice or other paper as contemplated by Rule 6(e). Further, Rule 6(b) prohibits a court from extending the time for taking any action under Rule 59(e). Although this court has not previously addressed this specific issue, we now hold that the three-day mail provision of Rule 6(e) is not applicable to a motion pursuant to Rule 59(e) and does not extend the ten-day time period under that rule. *Derrington–Bey v. District of Columbia Dep't of Corrections,* 39 F.3d 1224, 1226 (D.C.Cir.1994); *Adams v. Trustees of the N.J. Brewery Employees' Pension Trust Fund,* 29 F.3d 863, 870 (3d Cir.1994); *Cavaliere v. Allstate Ins. Co.,* 996 F.2d 1111, 1113–14 (11th Cir.1993); *Flint v. Howard,* 464 F.2d 1084, 1087 (1st Cir.1972); *Sonnenblick–Goldman Corp. v. Nowalk,* 420 F.2d 858, 860 (3d Cir.1970); *see Brock v. Citizens Bank of Clovis,* 841 F.2d 344, 348 (10th Cir.) (affirming, without discussion of Rule 6(e), district court's denial of relief on jurisdictional grounds when Rule 59(e) motion was filed thirteen days after entry of findings of fact and conclusions of law), *cert. denied,* 488 U.S. 829, 109 S.Ct. 82, 102 L.Ed.2d 59 (1988). Because the notice of appeal was untimely, this appeal is DISMISSED for lack of jurisdiction.