**F I L E D**

**UNITED STATES COURT OF APPEALS**

**January 29, 2007**

**FOR THE TENTH CIRCUIT**

JOAN HEFFINGTON, individually
and on behalf of her Minor Son G.M.,

Plaintiff-Appellant,

v.

SEDGWICK COUNTY DISTRICT
COURT, Wichita, Kansas; NOLA
FOULSTON, Sedgwick County
District Attorney; JULIA
CRAFT-ROCHAT, Sedgwick County
Court-Appointed Attorney,

Defendants-Appellees.

No. 05-3372
(D.C. No. 05-CV-4028-SAC)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HOLMES**, **McKAY**, and **BRORBY**, Circuit Judges.

---

Plaintiff-Appellant Joan Heffington appeals the district court's order

denying her Fed. R. Civ. P. 60(b) motion.  We affirm.

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is
therefore ordered submitted without oral argument.  This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel.  It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Heffington filed an amended pro se complaint, purportedly on behalf of herself and her minor son, "G.M.," against the Sedgwick County, Kansas, District Court and individual defendants Nola Foulston, the Sedgwick County District Attorney, and Julie Craft-Rochat, a private attorney who had been appointed as counsel for G.M. in two juvenile criminal cases. The complaint included a due process claim under 42 U.S.C. § 1983 and numerous state law claims relating to an alleged illegal conspiracy between the defendants with respect to allegedly false criminal charges filed against G.M. The district court granted with prejudice the defendants' motion to dismiss all claims and entered judgment of dismissal on June 17, 2005. Among other bases for dismissal, the district court held that plaintiff could not, proceeding pro se, bring claims on behalf of her minor son, and that her § 1983 due process claim failed to assert any violation of her own legal rights and interests.

Without indicating what court rule it was filed under, Heffington filed a Motion to Reconsider on July 5, 2005. In that motion, she did not challenge the substance of the district court's dismissal order. Instead, she argued the dismissal should be set aside because, on the same day that the district court entered its order dismissing the complaint, a magistrate judge entered a scheduling order, which she construed as requiring the parties to mediate. Heffington argued that the scheduling/mediation order should take precedence over the dismissal order. The district court denied her motion to reconsider, reasoning that it was not filed

under Fed. R. Civ. P. 60, because it stated no ground for relief set forth in that rule. Moreover, the district court held that the July 5 motion was untimely if filed under Fed. R. Civ. P. 59(e), which requires that a motion to alter or amend a judgment "shall be filed no later than 10 days after entry of the judgment." Because the district court entered judgment dismissing plaintiff's complaint on June 17, a motion under Rule 59(e) had to be filed no later than July 1. *See* Fed. R. Civ. P. 6(a) (excluding intervening Saturdays, Sundays and legal holidays from the computation when the period of time prescribed or allowed is less than eleven days). The district court concluded it had no authority to grant plaintiff an extension of time to file her Rule 59(e) motion. *See* Fed. R. Civ. P. 6(b) (precluding extensions of time for taking action under Rule 59(e)). The district court also stated that, in any event, Heffington's motion was without merit.

Plaintiff then filed a Motion to Set Aside Order under Fed. R. Civ. P. 60(b), in which she argued that her July 5 motion was not untimely because, under Fed. R. Civ. P. 6(e), the deadline to file was extended by three days due to service by mail of the dismissal order. On the merits, she asserted that the district court abused its discretion by denying her July 5 motion, and she asked the district court to reconsider the magistrate's scheduling order and its dismissal order, because the law requires litigants in civil cases to consider mediation. The district court denied this Rule 60(b) motion on August 31, noting that none of the grounds asserted fell within the six grounds for relief specified in that rule. The

-3-

district court further ordered that Heffington was precluded from filing, without leave of court, any new motion in this case based on the same allegations or grounds that had been decided in the court's prior orders. On September 26, 2005, Heffington filed a notice appealing "the final judgment of the district court . . . entered in this case on August 31, 2005." R., Doc 36 at 1.

## Scope of Appeal

"The filing of a timely notice of appeal is an absolute prerequisite to our jurisdiction." *Parker v. Bd. of Pub. Util.*, 77 F.3d 1289, 1290 (10th Cir. 1996). July 18, 2005, was the deadline for Heffington to file a notice appealing the district court's judgment of dismissal entered on June 17. *See* Fed. R. App. P. 4(a)(1)(A). A timely motion filed under Fed. R. App. P. 4(a)(4)(A) could extend the deadline for a notice of appeal, but plaintiff did not file such a motion. Whether her July 5 motion was filed under Fed. R. Civ. P. 60 or Fed. R. Civ. P. 59(e), it was not filed within ten days of the entry of judgment and therefore did not extend her time to appeal.

Heffington asserts that, under Fed. R. Civ. P. 6(e), the deadline to file her July 5 motion was extended by three days, because the district court served her by mail with the judgment of dismissal. But that three-day extension applies only "[w]henever a party must or may act within a prescribed period after service" made in a specified manner. Fed. R. Civ. P. 6(e). In *Parker*, 77 F.3d at 1291, we held that the three-day mail provision of Rule 6(e) does not extend the ten-day

-4-

deadline for filing a Rule 59(e) motion, because the deadline for filing such a motion is triggered by entry of judgment and not by service of notice. The same reasoning applies to a Rule 60 motion, which under Fed. R. App. P. 4(a)(4)(A)(vi) must be filed within ten days of entry of judgment in order to extend the time period for filing a notice of appeal. Therefore, because Heffington failed to file a notice of appeal within thirty days of entry of judgment, and no intervening motion extended that deadline, this court does not have jurisdiction to hear her appeal of the district court's judgment of dismissal.[1]

Plaintiff also did not file a timely notice of appeal of the district court's denial of her July 5 motion, which was entered on August 4, 2005. Construing her September 26, 2005, pro se notice of appeal liberally, we conclude, however, that this court does have jurisdiction to consider her appeal of the district court's denial of her Rule 60(b) motion, which was entered on August 31, 2005. *See Shapolia v. Los Alamos Nat'l Lab.*, 992 F.2d 1033, 1036 n.3 (10th Cir. 1993) (liberally construing pro se notice of appeal as to which order was appealed from).

---

[1]     We note, however, that the district court's review of defendants' motion to dismiss was both thorough and generous to the plaintiff's interests, and that the district court's dismissal of the complaint under *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986) ("[A] minor child cannot bring suit through a parent acting as next friend if the parent is not represented by an attorney."), and *Warth v. Seldin*, 422 U.S. 490, 499 (1975) ("[T]he plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties."), appears to have been correct.

## Review of Denial of Rule 60(b) Motion

"A district court's decision to grant or deny a Rule 60(b) motion is reviewed for an abuse of discretion. *Yapp v. Excel Corp.*, 186 F.3d 1222, 1230 (10th Cir. 1999). Relief under Rule 60(b) "is extraordinary and may only be granted in exceptional circumstances." *Id.* at 1231 (quotation omitted). The district court held that Heffington's motion did not raise any ground listed in Rule 60(b). In her reply to defendants' opposition, she did argue that her motion sought relief under Fed. R. Civ. P. 60(b)(1) and Fed. R. Civ. P. 60(b)(3). She accused the district court of "inexcusable neglect," R., Doc. 34 at 1, based on its alleged delay in mailing the judgment of dismissal to her, and she argued further that as a result of that lack of proper notice, "defendants were in violation of Rule 60 due to 'mistake, inadvertence, surprise, or excusable neglect,'" *id.* at 2. Plaintiff also claimed that "two different decisions entered the same day by two different judges implies 'fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party.'" *Id.*

We agree with the district court that Heffington's motion raised no proper ground for relief under Rule 60(b). Further, the underlying issue raised by plaintiff–that the district court's dismissal of the complaint for failure to state a claim upon which relief could be granted should be set aside in favor of a magistrate judge's scheduling order–is without merit. We hold that the district court did not abuse its discretion in denying plaintiff's Rule 60(b) motion.

The judgment of the district court is AFFIRMED. The motion to proceed in forma pauperis is DENIED. We remind Heffington of her responsibility to pay the appellate filing fee in full.

Entered for the Court

Monroe G. McKay
Circuit Judge