**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 10, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

ARTHUR WILLIAMS, JR.,

    Defendant-Appellant.

No. 07-3243

District of Kansas

(D.C. Nos. 06-CV-4141-SAC and
03-CR-40112-SAC)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **BRISCOE**, **McKAY**, and **McCONNELL**, Circuit Judges.

Petitioner Arthur Williams, Jr., a federal prisoner proceeding *pro se*, seeks

a certificate of appealability (COA) that would allow him to appeal from the

district court's order denying his motion to vacate, set aside, or correct his

sentence under 28 U.S.C. § 2255. *See* 28 U.S.C. § 2253(c)(1)(B). We have

jurisdiction under 28 U.S.C. §§ 1291 and 2253. Because we determine that this

collateral attack on Mr. Williams' conviction and sentence is barred under the

waiver of appeal he executed as part of his plea agreement in this case, we

conclude that Mr. Williams has failed to make "a substantial showing of the

---

[*]This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel.

denial of a constitutional right," and therefore deny his request for a COA and dismiss the appeal. 28 U.S.C. § 2253(c)(2).

## BACKGROUND

On January 22, 2004, Mr. Williams entered a plea of guilty to one count of distribution of a mixture containing a detectable quantity of cocaine base in violation of 21 U.S.C. § 841(a)(1). He was sentenced to 70 months imprisonment. In pleading guilty, Mr. Williams signed a plea agreement drafted by the United States Attorney. The agreement included a waiver of Mr. Williams' right to appeal or collaterally attack his conviction and sentence:

> Waiver of Appeal and Collateral Attack. Defendant knowingly and voluntarily waives any right to any appeal or collateral attack on any matter in connection with this prosecution and sentence, except the defendant reserves the right to appeal the district court's calculation of his offense level under the Sentencing Guidelines. The defendant also waives any right to any challenge to his sentence or [the] manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255, except to the extent that such a § 2255 claim is deemed unwaivable under the holding of *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001). However, if the United States exercises its right to appeal the sentence imposed as authorized by Title 18, U.S.C. § 3742(b), the defendant is released from this waiver and may appeal his sentence as authorized by Title 18, U.S.C. § 3742(a).

R., doc. 59, at 3–4. As permitted under this waiver, Mr. Williams lodged an appeal challenging the calculation of his offense level. We affirmed. *United States v. Williams*, 431 F.3d 1234 (10th Cir. 2005), *cert. denied*, 547 U.S. 1091

(2006). Mr. Williams then filed a motion in the district court seeking to modify his sentence pursuant to 18 U.S.C. § 3582(c)(2). He disputed the drug quantity attributed to him as relevant conduct for sentencing purposes, and argued that subsequent amendments (518 and 591) to the Sentencing Guidelines had lowered the range applicable to his offense. Because his sentencing had actually taken place after those amendments, the district court held itself without jurisdiction to modify the sentence. Dist. Dkt. Doc. 57; *see* U.S.S.G., app'x C, amend. 518 (effective Nov. 1, 1995), 591 (effective Nov. 1, 2000).

Next, Mr. Williams filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, arguing that his counsel had been ineffective in failing to object to a two-point firearm enhancement and in conceding the facts relevant to the district court's drug quantity finding. In response, the government moved to enforce the plea agreement's waiver provision and dismiss the motion. The district court held that the motion was a collateral attack within the scope of a waiver knowingly and voluntarily made, and denied it. The district court also refused to grant a certificate of appealability (COA).[1]

---

[1]The petition was received on July 16, 2007, 63 days after the denial of Mr. Williams' § 2255 motion, which would ordinarily make it untimely. *See United States v. Pinto*, 1 F.3d 1069, 1070 (10th Cir. 1993). However, the district court held the petition, *qua* notice of appeal, timely under the "prison mailbox rule," Fed. R. App. P. 4(c)(1), which under certain circumstances allows documents submitted by incarcerated litigants to be considered filed when mailed. Because "[t]he filing of a timely notice of appeal is an absolute prerequisite to our jurisdiction," *Parker v. Bd. of Pub. Utils.*, 77 F.3d 1289, 1290 (10th Cir.1996), we
(continued...)

Mr. Williams now seeks a COA from this Court. The district court granted him leave to proceed *in forma pauperis*.

The denial of a motion for relief under 28 U.S.C. § 2255 may be appealed only if the district court or this Court first issues a COA. 28 U.S.C. § 2253(c)(1)(B). A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a petitioner must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (internal quotation marks omitted).

Mr. Williams advances no argument that satisfies this standard. His claim that his waiver of collateral attack rights was not knowing and voluntary, was not raised in district court, and cannot be brought for the first time on appeal. *Dockins v. Hines*, 374 F.3d 935, 940 (10th Cir. 2004). His claims that trial counsel was ineffective in failing to object to a firearm enhancement and in conceding to the drug-quantity facts were properly rejected by the district court. When a defendant has waived the right to appeal or collaterally attack a

---

[1](...continued)
have reviewed the petition, and note that it was properly certified under penalty of perjury to have been deposited in the prison mail system on July 13, 2007. For timeliness purposes, the petition is therefore treated as filed on that date, making it timely.

conviction or sentence, he may raise the issue of ineffective assistance of counsel in connection with the negotiation or entry of the plea or of the waiver, but not ineffectiveness with respect to other matters, including calculation of the sentence unless explicitly reserved. *United States v. Hahn*, 359 F.3d 1315, 1327 (10th Cir. 2004) (en banc). Mr. Williams' arguments fall outside that narrow ambit.

To the extent that Mr. Williams' assertion that "Appellants [*sic*] counsel 'lied and misled' him into believing he did not waive his right to appeal his sentence or bring a collateral attack," COA Petn. ¶ 6, at 3, can be liberally construed as a challenge to the effectiveness of trial counsel in connection with the negotiation of the waiver, we have thoroughly examined the record below and conclude that no such claim was presented to the district court. Absent "extraordinary circumstances to the contrary," we will not consider such an issue "for the first time on appeal." *Smith v. Sec'y of N.M. Dep't of Corr.*, 50 F.3d 801, 814 n.22 (10th Cir. 1995). This is true even when the litigant is a prisoner seeking a COA *pro se*. *E.g.*, *Laurson v. Leyba*, ___ F.3d ___, No. 07-1177, 2007 WL 2874444, at *2 (10th Cir. Oct. 3, 2007).

## **CONCLUSION**

We agree with the district court that the appellate waiver must be enforced, and therefore do not find that Mr. Williams "has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2). Accordingly, we

**DENY** Mr. Williams' request for a COA and **DISMISS** this appeal.

Entered for the Court,

Michael W. McConnell
Circuit Judge