**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 27, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

CESAR BOJORQUEZ-VILLALOBOS,

    Defendant - Appellant.

No. 15-2085
(D.C. Nos. 1:13-CV-00728-JB-GBW and
1:11-CR-02022-JB-1)
(D. N.M.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **TYMKOVICH**, Chief Judge, **HARTZ**, and **MORITZ**, Circuit Judges.
_____

Cesar Bojorquez-Villalobos, a federal prisoner proceeding pro se,[1] seeks a

certificate of appealability (COA) permitting him to appeal the district court's denial

of his 28 U.S.C. § 2255 motion. We construe Bojorquez-Villalobos' COA application

as a notice of appeal and, applying the prison mailbox rule, we consider his notice of

appeal timely filed. But we deny his request for a COA and dismiss his appeal

_____

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] We liberally construe pro se pleadings. But we don't assume an advocacy
role for pro se litigants nor do we relieve them from the duty to comply with
procedural rules. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th
Cir. 2005).

because he hasn't demonstrated that reasonable jurists would debate the district court's denial of his § 2255 motion.

## BACKGROUND

Bojorquez-Villalobos pled guilty to conspiring to distribute methamphetamine and to being an alien in possession of a firearm. The district court imposed a 108-month prison sentence and a four-year term of unsupervised release. Bojorquez-Villalobos didn't directly appeal his convictions or sentence.

Instead, he filed a § 2255 motion asserting (1) he was denied effective assistance of trial counsel and counsel's failure to adequately investigate the case "resulted [in] prejudice with an excessive sentence[]," (2) he was "convicted with false charges, possession of a firearm," resulting in an improper two-level sentencing enhancement under U.S.S.G. § 2D1.1(b), (3) he was improperly ordered to serve a five-year term of supervised release in violation of U.S.S.G. § 5D1.1(c)[2], and (4) he was denied equal protection of the law when the Federal Bureau of Prisons assigned him to a "second rate" private contract facility based on his immigration status.

The magistrate judge recommended denial of the § 2255 motion,[3] concluding Bojorquez-Villalobos' second and third grounds for relief attacked his convictions

---

[2] We note for clarification purposes that Bojorquez-Villalobos' third argument lacks factual support because it's clear from the record that the district court imposed only a four-year term of unsupervised release. But, ultimately, this doesn't alter our analysis.

[3] The magistrate judge initially recommended denial of the § 2255 motion as untimely. But after considering Bojorquez-Villalobos' objections, the magistrate judge determined the factual circumstances warranted equitable tolling. Nevertheless, the magistrate judge ultimately recommended denial of the motion on other grounds.

2

and sentence and were procedurally barred by Bojorquez-Villalobos' failure to file a direct appeal. The magistrate judge also determined his equal protection claim wasn't properly raised in the § 2255 motion because it challenged the conditions of his confinement. The magistrate judge rejected Bojorquez-Villalobos' argument that trial counsel was ineffective for failing to inform him of a laboratory report that didn't exist at the time Bojorquez-Villalobos entered his guilty plea. Finally, the magistrate judge noted that Bojorquez-Villalobos failed to demonstrate prejudice given that he had "affirmed, under oath, that he had possessed the gun." ROA, at 94-96.

The district court overruled Bojorquez-Villalobos' objections to the magistrate judge's proposed findings and recommendation, adopted the same, and dismissed the case with prejudice. In doing so, the district court specifically rejected Bojorquez-Villalobos' attempt to expand his ineffective assistance of counsel claim to include an allegation that counsel failed to argue against the two-level gun-possession enhancement at sentencing. The district court issued its order and final judgment denying the § 2255 motion on February 27, 2015.

On May 18, 2015, this court received Bojorquez-Villalobos' "Application for Certificate of Appealability." This court immediately forwarded the COA application to the district court, characterizing the document as a misdirected notice of appeal. *See, e.g.*, *Fleming v. Evans*, 481 F.3d 1249, 1253-54 (10th Cir. 2007) (construing combined motion for leave to proceed in forma pauperis and application for certificate of appealability as the "functional equivalent" of a notice of appeal because it met Fed. R. App. P. 3(c)'s notice requirements); Fed. R. App. P. 4(d)

3

(providing procedures for misdirected notices of appeal). The district court clerk docketed the COA application as a notice of appeal on May 18, 2015. The district court didn't rule on the COA application.

## DISCUSSION

This case presents two threshold jurisdictional questions. First, we must determine whether Bojorquez-Villalobos timely filed his notice of appeal. *See Parker v. Bd. of Pub. Utils.*, 77 F.3d 1289, 1290 (10th Cir. 1996) (stating "[t]he filing of a timely notice of appeal is an absolute prerequisite to our jurisdiction"). Second, if the notice of appeal is timely, we must determine whether to grant Bojorquez-Villalobos' renewed request for a COA.[4] *See* 28 U.S.C. § 2253(c)(1)(A); *Clark v. Oklahoma*, 468 F.3d 711, 713 (10th Cir. 2006) (explaining that a COA "is a jurisdictional pre-requisite to our review").

The district court clerk docketed Bojorquez-Villalobos' notice of appeal on May 18, 2015—clearly more than 60 days after the district court issued its final judgment on February 27, 2015. *See* Fed. R. App. P. 4(a)(1)(B). But because Bojorquez-Villalobos is a federal prisoner proceeding pro se, we can deem his notice of appeal as timely filed if he satisfies the prison mailbox rule. Under this rule, a prisoner's submission is deemed "filed" when it's given to prison authorities for

---

[4] Even though we are construing Bojorquez-Villalobos' COA application, which was addressed to the district court, as a functional equivalent of a notice of appeal, *see Fleming*, 481 F.3d at 1253-54, we also are construing it as a renewed COA request addressed to this court. *See* Fed. R. App. P. 22(b)(2); 10th Cir. R. 22.1(A).

mailing. *Price v. Philpot*, 420 F.3d 1158, 1163-65 (10th Cir. 2005); Fed. R. App. P. 4(c)(1).

A prisoner can demonstrate compliance with the prison mailbox rule in one of two ways. "First, 'if the prison has a legal mail system, then the prisoner must use it as the means of proving compliance with the mailbox rule.'" *Price*, 420 F.3d at 1165 (citations omitted). Second, "if the inmate does not have access to a legal mail system—or if the existing legal mail system is inadequate to satisfy the mailbox rule" the inmate must "'submit a declaration [in compliance with 28 U.S.C. § 1746] or notarized statement setting forth the notice's date of deposit with prison officials and attest that first-class postage was pre-paid.'" *Id.* (citations omitted).

We issued an order directing Bojorquez-Villalobos to address whether his notice of appeal complied with the prison mailbox rule. In response, he submitted a declaration, signed under penalty of perjury, stating he gave his COA application to prison authorities on March 25, 2015. He also submitted an "Outgoing Special Mail Receipt" date-stamped March 25, 2015, indicating that Correctional Systems Management received a document from Bojorquez-Villalobos that was to be mailed to the United States District Court in New Mexico. Significantly, Bojorquez-Villalobos also signed his COA application on March 25, 2015. Taken together, Bojorquez-Villalobos' submissions demonstrate his compliance with the prison mailbox rule, and we deem his notice of appeal timely filed on March 25, 2015.

Nevertheless, we deny his request for a COA because reasonable jurists wouldn't debate the district court's denial of his § 2255 motion. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (discussing the showing a habeas prisoner must make to obtain a COA). Essentially, Bojorquez-Villalobos seeks to challenge his two-level gun-possession sentencing enhancement through his § 2255 motion. As the magistrate judge determined, this sentencing challenge is procedurally barred by Bojorquez-Villalobos' failure to raise it in a direct appeal. And as the district court concluded, Bojorquez-Villalobos can't overcome that procedural bar by belatedly attempting to bring his sentencing challenge under the umbrella of his ineffective assistance of counsel claim. Accordingly, we deny his request for a COA and dismiss this appeal.

Entered for the Court

Nancy L. Moritz
Circuit Judge