FILED
United States Court of Appeals
Tenth Circuit

September 26, 2016

Elisabeth A. Shumaker
Clerk of Court

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT
_____

DEAN CARBAJAL,

     Plaintiff - Appellant,

v.

STEPHAN M. SWAN, Physician Assistant, in his official capacity; MICHAEL O'NEILL, Police Officer for the Denver Police Department, in his individual and official capacity; JAY LOPEZ, Police Officer for the Denver Police Department, in his individual and official capacity; LARRY BLACK, Police Officer for the Denver Police Department, in his individual and official capacity; ST. ANTHONY CENTRAL HOSPITAL, a corporation; CENTURA HEALTH, a corporation; APEX, a corporation; CHUANG, Dr., Supervising Physician, in his individual and official capacity; THOMAS, Lieutenant, Lieutenant for the Denver Police Department, in his individual and official capacity; STEVEN CARTER, Captain for the Denver Police Department, in his individual and official capacity; GILBERTO LUCIO, Police Officer for the Denver Police Department, in his individual and official capacity; CITY AND COUNTY OF DENVER, a political subdivision of the State of Colorado; GREGORY J. ENGLUND; MARCI L. HANSUE,

     Defendants - Appellees.

No. 15-1349
(D.C. No. 1:12-CV-02257-REB-KLM)
(D. Colo.)

_____

**ORDER**

_____

Before **TYMKOVICH**, Chief Judge, **HARTZ**, and **PHILLIPS**, Circuit Judges.
_____

This court ordered Dean Carbajal to show cause why his appeal should not be dismissed because his notice of appeal was untimely filed. The parties have fully briefed the issue. We conclude that Mr. Carbajal's notice of appeal was untimely and we therefore lack jurisdiction to hear this appeal.

Mr. Carbajal, a Colorado state prisoner at the Arkansas Valley Correctional Facility ("AVCF"), appears pro se. He was arrested in Denver in August 2010. According to Mr. Carbajal, he was roughed up by members of the Denver Police Department during the arrest and endured forced catheterization during treatment at St. Anthony Central Hospital. In his subsequent suit under 42 U.S.C. § 1983, Mr. Carbajal alleged numerous violations of his constitutional rights by law enforcement officers and hospital personnel.

Eventually, nearly all of Mr. Carbajal's claims were dismissed with the exception of excessive force claims against three law enforcement officers. Mr. Carbajal went to trial on these claims in August 2015. On August 18, 2015, the jury returned unanimous verdicts in favor of the defendants. Judgment on the verdicts was entered on August 20, 2015. Mr. Carbajal's notice of appeal was due 30 days after the entry of judgment—or September 19, 2015. *See* Fed. R. App. P. 4(a)(1)(A). However, because September 19, 2015, fell on a Saturday, the notice of appeal was not due until Monday, September 21, 2015. *See* Fed. R. App. P. 26(a)(1)(C).

2

The AVCF has a legal mail system.  Nonetheless, sometime after 4 p.m. on Friday, September 18, 2015, Mr. Carbajal deposited the notice of appeal in AVCF's regular mail system, with a certificate of mailing to the district court and defendants' counsel.  The notice was docketed as filed on September 24, 2015—three days beyond the September 21, 2015 deadline.

The question is whether Mr. Carbajal's notice of appeal should be determined to have been filed on September 18, 2015, under the prison mailbox rule—the judicially created rule in Fed. R. App. P. 4(c)(1), which provides that

> [i]f an inmate confined in an institution files a notice of appeal in . . . a civil . . . case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing.  If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule.  Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

In interpreting Rule 4(c)(1), this court held that "[a]n inmate can establish the date on which he . . . gave the papers to be filed with the court to a prison official in one of two ways." *Price v. Philpot*, 420 F.3d 1158, 1165 (10th Cir. 2005).  "[I]f the prison has a legal mail system, then the prisoner must use it as the means of proving compliance with the mailbox rule." *Id*. (internal quotation marks omitted).  Alternatively, "if the inmate does not have access to a legal mail system—or if the existing legal mail system is inadequate to satisfy the mailbox rule," the inmate must "submit a declaration in compliance with 28 U.S.C. § 1746 or notarized statement setting forth the notice's date of

3

deposit with prison officials and attest that first-class postage was pre-paid."
*Id.* (brackets and internal quotation marks omitted).

It is undisputed that AVCF has a legal mail system, but Mr. Carbajal failed to use it. Nonetheless, he argues that he can rely on the second means of complying with Rule 4(c)(1), because he was "prevented" from using AVCF's legal mail system on September 18, 2015. But Mr. Carbajal, who "has the burden of proof on this issue," *Price*, 420 F.3d at 1165, has not established compliance with this protocol, assuming for purposes of argument that it applies to his circumstances.

Prisoners have access to AVCF's mailroom for 30 minutes each day on Monday through Friday afternoons, between either 3:00 to 3:30 or 3:30 to 4:00. Mr. Carbajal does not dispute this fact, but argues that on Friday, September 18, 2015, two correction officers refused to let him go to the mailroom. At the same time, Mr. Carbajal says that he did not receive the materials he needed to file the notice of appeal until sometime *after* 4:00 p.m, when the mailroom was already closed. Whether Mr. Carbajal was prevented from going to the mailroom or did not have his materials ready until after the mailroom had closed is beside the point—he did not submit the required declaration or notarized statement with his notice of appeal. More to the point, there is no evidence that Mr. Carbajal was denied access to AVCF's legal mail system on Monday, September 21, 2015—the day the notice of appeal was due.

"The filing of a timely notice of appeal is an absolute prerequisite to our jurisdiction." *Parker v. Bd. of Pub. Utils.*, 77 F.3d 1289, 1290 (10th Cir. 1996).

4

Mr. Carbajal's notice was untimely and as a consequence this appeal is dismissed for lack of jurisdiction.[1]

Entered for the Court

Gregory A. Phillips
Circuit Judge

---

[1] The order assessing fees entered by the clerk's office on March 8, 2016, is vacated.