**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 3, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

DEAN CARBAJAL,

      Plaintiff - Appellant,

v.

STEPHAN M. SWAN, Physician
Assistant, in his official capacity;
MICHAEL O'NEILL, Police Officer for
the Denver Police Department, in his
individual and official capacity; JAY
LOPEZ, Police Officer for the Denver
Police Department, in his individual and
official capacity; LARRY BLACK, Police
Officer for the Denver Police Department,
in his individual and official capacity; ST.
ANTHONY CENTRAL HOSPITAL, a
corporation; CENTURA HEALTH, a
corporation; APEX, a corporation;
CHUANG, Dr., Supervising Physician, in
his individual and official capacity;
THOMAS, Lieutenant, Lieutenant for the
Denver Police Department, in his
individual and official capacity; STEVEN
CARTER, Captain for the Denver Police
Department, in his individual and official
capacity; GILBERTO LUCIO, Police
Officer for the Denver Police Department,
in his individual and official capacity;
CITY AND COUNTY OF DENVER, a
political subdivision of the State of
Colorado; GREGORY J. ENGLUND;
MARCI L. HANSUE,

      Defendants - Appellees.

No. 15-1349
(D.C. No. 1:12-CV-02257-PAB-KLM)
(D. Colo.)

_____

**ORDER**

_____

Before **TYMKOVICH**, Chief Judge, **HARTZ** and **PHILLIPS**, Circuit Judges.
_____

Appellant has filed a *Motion for Rehearing with Suggestion of Rehearing En Banc*, and has also submitted a supplement to that *Motion*. We have construed the original motion as a petition for panel rehearing with a suggestion for rehearing en banc. The petition for panel rehearing is denied on the merits by the original panel. The petition and supplement were also circulated to all the judges of the court who are in regular active service in accordance with Rule 35(b) of the Federal Rules of Appellate Procedure. No judge in regular active service called for a poll, so the suggestion for rehearing en banc is denied.

The panel has sua sponte modified the Order issued on September 26, 2016; the modified Order is attached. The Order dated September 26, 2016 is hereby withdrawn, and the Clerk is directed to file the attached modified order nunc pro tunc to the filing date of the original order, September 26, 2016.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk

2

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 26, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

DEAN CARBAJAL,

      Plaintiff - Appellant,

v.

STEPHAN M. SWAN, Physician
Assistant, in his official capacity;
MICHAEL O'NEILL, Police Officer for
the Denver Police Department, in his
individual and official capacity; JAY
LOPEZ, Police Officer for the Denver
Police Department, in his individual and
official capacity; LARRY BLACK, Police
Officer for the Denver Police Department,
in his individual and official capacity; ST.
ANTHONY CENTRAL HOSPITAL, a
corporation; CENTURA HEALTH, a
corporation; APEX, a corporation;
CHUANG, Dr., Supervising Physician, in
his individual and official capacity;
THOMAS, Lieutenant, Lieutenant for the
Denver Police Department, in his
individual and official capacity; STEVEN
CARTER, Captain for the Denver Police
Department, in his individual and official
capacity; GILBERTO LUCIO, Police
Officer for the Denver Police Department,
in his individual and official capacity;
CITY AND COUNTY OF DENVER, a
political subdivision of the State of
Colorado; GREGORY J. ENGLUND;
MARCI L. HANSUE,

      Defendants - Appellees.
_____

No. 15-1349
(D.C. No. 1:12-CV-02257-PAB-KLM)
(D. Colo.)

_____

**ORDER**

_____

Before **TYMKOVICH**, Chief Judge, **HARTZ** and **PHILLIPS**, Circuit Judges.
_____

This court ordered Mr. Carbajal to show cause why his appeal should not be dismissed because his notice of appeal was untimely filed. The parties have fully briefed the issue. We conclude that the notice of appeal was untimely and we therefore lack jurisdiction to hear this appeal.

Mr. Carbajal, a Colorado state prisoner at the Arkansas Valley Correctional Facility ("AVCF"), appears pro se. He was arrested in Denver in August 2010. According to Mr. Carbajal, he was roughed up by members of the Denver Police Department during the arrest and endured forced catheterization during treatment at St. Anthony Central Hospital. In his subsequent suit under 42 U.S.C. § 1983, Mr. Carbajal alleged numerous violations of his constitutional rights by law enforcement officers and hospital personnel.

Eventually, nearly all of Mr. Carbajal's claims were dismissed with the exception of excessive force claims against three law enforcement officers. Mr. Carbajal went to trial on these claims in August 2015. On August 18, 2015, the jury returned unanimous verdicts in favor of the defendants. Judgment on the verdicts was entered on August 20, 2015. Mr. Carbajal's notice of appeal was due 30 days after the entry of judgment—or September 19, 2015. *See* Fed. R. App. P. 4(a)(1)(A). However, because September 19, 2015, fell on a Saturday, the notice of appeal was not due until Monday, September 21, 2015. *See* Fed. R. App. P. 26(a)(1)(C).

2

The AVCF has a legal mail system. Nonetheless, sometime after 4 p.m. on Friday, September 18, 2015, Mr. Carbajal deposited the notice of appeal in AVCF's regular mail system, with a certificate of mailing to the district court and defendants' counsel. The notice was docketed as filed on September 24, 2015—three days beyond the September 21, 2015 deadline.

The question is whether Mr. Carbajal's notice of appeal should be determined to have been filed on September 18, 2015, under the prison mailbox rule—the judicially created rule in Fed. R. App. P. 4(c)(1), which provides that

> [i]f an inmate confined in an institution files a notice of appeal in . . . a civil . . . case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing. If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

In interpreting Rule 4(c)(1), this court held that "[a]n inmate can establish the date on which he . . . gave the papers to be filed with the court to a prison official in one of two ways." *Price v. Philpot*, 420 F.3d 1158, 1165 (10th Cir. 2005). "[I]f the prison has a legal mail system, then the prisoner must use it as the means of proving compliance with the mailbox rule." *Id.* (internal quotation marks omitted). Alternatively, "if the inmate does not have access to a legal mail system—or if the existing legal mail system is inadequate to satisfy the mailbox rule," the inmate must "submit a declaration in compliance with 28 U.S.C. § 1746 or notarized statement setting forth the notice's date of

3

deposit with prison officials and attest that first-class postage was pre-paid."
*Id*. (brackets and internal quotation marks omitted).

It is undisputed that AVCF has a legal mail system, but Mr. Carbajal failed to use it. In the declaration he filed with this Court in response to the order to show cause, Mr. Carbajal stated that he placed the notice of appeal in the regular mail on September 18, 2015, first-class postage prepaid. He eventually developed an argument that AVCF's legal mail system was inadequate on September 18. Mr. Carbajal "has the burden of proof on this issue." *Price*, 420 F.3d at 1165. He has not met this burden.

Prisoners have access to AVCF's mailroom for 30 minutes each day on Monday through Friday afternoons, between either 3:00 to 3:30 or 3:30 to 4:00. Mr. Carbajal does not dispute this fact, but argues that on Friday, September 18, 2015, two correction officers, out of spite, refused to let him go to the mailroom. At the same time, Mr. Carbajal says that he did not receive the materials he needed to file the notice of appeal until sometime *after* 4:00 p.m., when the mailroom was already closed. He also argues that prisoners do not have access to the mailroom when the facility is on lockdown, and in any event, AVCF's legal mail system is inadequate because it closes at 4 p.m. and is not open on weekends. But defendants produced evidence that other prisoners used the legal mail system on September 18, and there is no evidence that the facility was on lockdown at any time during the day. Moreover, we agree with defendants that a prison is not required to have a system that is available 24-hours-a-day, seven days a week. Here, it is enough that Mr. Carbajal had access to the system for some portion of the day on which his court papers were due. Moreover, Mr. Carbajal

4

does not suggest, nor is there any evidence that he was denied access by the guards to AVCF's legal mail system or that the system was closed on Monday, September 21, 2015—the day the notice of appeal was due.

"The filing of a timely notice of appeal is an absolute prerequisite to our jurisdiction." *Parker v. Bd. of Pub. Utils*., 77 F.3d 1289, 1290 (10th Cir. 1996). Mr. Carbajal's notice was untimely and as a consequence this appeal is dismissed for lack of jurisdiction.[1]

Entered for the Court

Gregory A. Phillips
Circuit Judge

---

[1] The order assessing fees entered by the clerk's office on March 8, 2016, is vacated.