**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 6, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Petitioner - Appellee,

v.

DAVID ZOOK,

    Respondent - Appellant.

No. 22-1060
(D.C. No. 1:21-CV-01077-RM)
(D. Colo.)

_____

**ORDER AND JUDGMENT***
_____

Before **TYMKOVICH**, **PHILLIPS**, and **EID**, Circuit Judges.
_____

After receiving a confidential complaint from a former tenant of a

late-nineteenth century apartment building that the property was in disrepair and

paint was constantly chipping off the building, the Environmental Protection Agency

(EPA) issued an administrative subpoena to the building's landlord, David Zook.

The subpoena sought documents concerning whether Zook warned his tenants of the

risks of lead-based paint, as required by what is commonly known as the "Lead

---

    * After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Disclosure Rule," *see* 40 C.F.R. §§ 745.100 to 745.119.  After Zook refused to

comply with the subpoena, the United States filed a petition for judicial enforcement.

The district court issued Zook an order to show cause why the petition should not be

granted.  Representing himself, Zook responded and moved to quash the subpoena.

The district court denied Zook's motion and granted the petition, determining the

subpoena was within the EPA's legitimate statutory authority and was not unduly

burdensome.  Zook filed a post-judgment motion, which the district court denied.

Zook appeals pro se.[1]  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I.  Jurisdictional Scope of Appeal

We first address the scope of our jurisdiction because, in a civil case, a timely

notice of appeal "is a jurisdictional requirement."  *Bowles v. Russell*, 551 U.S. 205,

214 (2007).  The district court entered judgment on October 28, 2021.  On

November 29, 2021, Zook filed a motion to alter or amend the judgment pursuant to

Federal Rule of Civil Procedure 59(e).  Because the motion was filed beyond

Rule 59(e)'s 28-day deadline, however, the court treated it as one for relief under

Rule 60 and, on February 1, 2022, denied it.

Because the United States is a party, Zook had to file his notice of

appeal "within 60 days after entry of the judgment or order appealed from."

Fed. R. App. P. 4(a)(1)(B)(i).  He filed his notice of appeal on February 28, 2022.

His notice of appeal was therefore timely as to the February 1 order denying his

---

[1] We liberally construe Zook's pro se filings but may not act as his advocate.
*See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

post-judgment motion but untimely as to the October 28 judgment unless his post-judgment motion tolled the time to appeal under Federal Rule of Appellate Procedure 4(a)(4). Such a motion tolls the time for appeal only if it is filed "within the time allowed by" the Federal Rules of Civil Procedure. Fed. R. App. P. 4(a)(4)(A).[2] A Rule 59(e) motion "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). And to be timely for purposes of appellate Rule 4(a)(4)(A), a Rule 60 motion must be "filed no later than 28 days after the judgment is entered." Fed. R. App. P. 4(a)(4)(A)(vi). Because Zook filed his post-judgment motion 32 days after entry of the district court's judgment, it did not toll the time to appeal.

Zook contests this conclusion, arguing that because the court served the judgment to him by mail, Federal Rule of Civil Procedure 6(d) provided him with an additional three days to file a timely post-judgment motion under either Rule 59(e) or Rule 60, and therefore his post-judgment motion was timely filed on Monday,

---

[2] Zook's notice of appeal named "the final judgment entered on February 1, 2022, denying his Motion to Alter or Amend the Order entered on October 28, 2021." R. at 88. Naming only the order denying the post-judgment motion would have been sufficient to include the final judgment in this appeal if the post-judgment motion was one described in Rule 4(a)(4)(A). *See* Fed. R. App. P. 3(c)(5)(B) ("In a civil case, a notice of appeal encompasses the final judgment . . . if the notice designates . . . an order described in Rule 4(a)(4)(A)."). But as we explain, the post-judgment motion was not one described in Rule 4(a)(4)(A) because it was not filed within the time period Rule 4(a)(4)(A) requires for the motion to toll the appeal deadline.

November 29, 2021.[3]  However, as Zook recognizes, *Parker v. Board of Public Utilities*, 77 F.3d 1289 (10th Cir. 1996), forecloses his argument.  In *Parker*, this court held "that the three-day mail provision of Rule 6([d]) is not applicable to a motion pursuant to Rule 59(e) and does not extend the [28-day] time period under that rule."  *Id.* at 1291.[4]  We reached this conclusion because the extra time Rule 6(d) affords is available only when a party may or must act within a specified time *after service* and service is by mail.  *See id.*  In contrast, Rule 59(e)'s time period "is triggered by *entry of the judgment*," not by service, and Rule 6(b)(2) prohibits a court from extending Rule 59(e)'s time period.  *Id.* (emphasis added).  Likewise, to toll the appeal period, a Rule 60 motion must be "filed no later than 28 days *after the judgment is entered*."  Fed. R. App. P. 4(a)(4)(A)(vi) (emphasis added).

Because Zook's post-judgment motion was filed more than 28 days after entry of the judgment, it was properly construed as a Rule 60(b) motion and it did not toll

---

[3] With the three extra days, a timely post-judgment motion would have been due on Sunday, November 28, so the deadline would have been extended to Monday, November 29.  *See* Fed. R. Civ. P. 6(a)(3)(A).

[4] When *Parker* was decided, the relevant provision was Rule 6(e), and Rule 59(e) had a 10-day deadline.  Rule 59(e) now has a 28-day deadline.  And Rule 6(e) has since been redesignated Rule 6(d) and revised, but it is materially unchanged in substance, providing:

> **Additional Time After Certain Kinds of Service.**  When a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail), (D) (leaving with the clerk), or (F) (other means consented to), 3 days are added after the period would otherwise expire under Rule 6(a).

the time to file a notice of appeal.  Consequently, Zook's notice of appeal is timely only with respect to the order denying his post-judgment motion, and our jurisdiction is limited to review of that order.  *See Bowles*, 551 U.S. at 214; *see also Lebahn v. Owens*, 813 F.3d 1300, 1305 (10th Cir. 2016) ("[A]ppeal from the denial of [a] Rule 60(b) motion raises for review only the district court's order of denial and not the underlying judgment itself." (brackets and internal quotation marks omitted)).  We reject Zook's suggestion that we equitably toll the appeal period or overrule *Parker*.  *See Bowles*, 551 U.S. at 214 (explaining that courts lack "authority to create equitable exceptions to jurisdictional requirements"); *United States v. White*, 782 F.3d 1118, 1126–27 (10th Cir. 2015) ("[O]ne panel of this court cannot overrule the judgment of another panel absent en banc consideration or an intervening Supreme Court decision that is contrary to or invalidates our previous analysis." (internal quotation marks omitted)).[5]

## II.  Merits

We review the denial of a Rule 60(b) motion for "an abuse of discretion, keeping in mind that Rule 60(b) relief is extraordinary and may only be granted in exceptional circumstances."  *Lebahn*, 813 F.3d at 1306 (internal quotation marks omitted).  "We will not reverse the district court's decision on a Rule 60(b) motion unless that decision is arbitrary, capricious, whimsical, or manifestly unreasonable."  *Id.* (internal quotation marks omitted).

---

[5] Neither condition is present here.

### A.     Legal error in application of substantive standard

In its petition for judicial enforcement, the United States argued its subpoena should be judicially enforced under the standards set out in *United States v. Morton Salt Co.*, 338 U.S. 632 (1950). In *Morton Salt*, the Supreme Court held that an administrative subpoena "is sufficient if the inquiry is within the authority of the agency, the demand is not too indefinite and the information sought is reasonably relevant." *Id.* at 652. In response, Zook argued that *Morton Salt*'s "reasonable relevance" standard applies to corporations, not individuals like him, because in *Morton Salt*, the Supreme Court observed that "corporations can claim no equality with individuals in the enjoyment of a right to privacy," *id.* Zook instead suggested a more stringent reasonable-suspicion standard should apply to subpoenas directed at individuals. The district court rejected that position.

In his Rule 60(b) motion, Zook argued the district court made a legal error in applying *Morton Salt*'s reasonable-relevance standard and again urged a reasonable-suspicion standard. The district court denied relief, finding Zook's argument to be "merely a rehashing of an argument he previously made and which [the] Court previously rejected. A motion for reconsideration is not an appropriate mechanism to ask the Court to revisit issues already addressed." R. at 81–82.

On appeal, Zook repeats his substantive argument that the *Morton Salt* standard does not apply to administrative subpoenas directed at individuals. But we see no abuse of discretion in the district court's resolution of his Rule 60(b) argument regarding *Morton Salt*'s applicability. "Rule 60(b) relief is not properly granted

6

where a party merely revisits the original issues and seeks to challenge the legal correctness of the district court's judgment by arguing that the district court misapplied the law or misunderstood [the party's] position." *Lebahn*, 813 F.3d at 1306 (internal quotation marks omitted).

## B.    Zook's reply in support of his Rule 60(b) motion

We next address Zook's argument concerning the reply in support of his Rule 60(b) motion he filed with the district court. He asserts that although he timely submitted the reply, the district court's clerk's office failed to file it. The district court then issued its ruling in which it noted Zook had failed to file a reply. He thereafter re-submitted the reply, and it was properly filed. He argues the reply may have proved "crucial" for its discussion of *Parks v. FDIC*, 65 F.3d 207 (1st Cir. 1995). Aplt. Opening Br. at 10. *Parks* took the view that "the standard for judicial enforcement of administrative subpoenas of a private citizen's private papers is stricter than that for corporate papers," 65 F.3d at 211. *Parks* concluded that the proper test in the case of a private citizen is "a Fourth Amendment standard of reasonableness that stops short of probable cause," *id.* at 214, which it termed "reasonable suspicion" or "individualized suspicion," *id.* at 214–15.

We do not think the district court would have granted Rule 60(b) relief if it had been aware of Zook's reliance on *Parks*. That reliance was no more than another piece of his rehashed reasonable-suspicion argument the district court properly declined to consider because it was an improper basis for Rule 60(b) relief. Offering additional support in a reply brief for an argument inappropriately raised in a

7

Rule 60(b) motion would not have led to a different result. Further, the First Circuit withdrew *Parks* and vacated its judgment upon granting a petition for rehearing en banc. *See Parks v. FDIC*, No. 94-2262 (1st Cir. Nov. 20, 1995) (docket entry). The First Circuit ultimately vacated the district court's order enforcing the FDIC's subpoena "[w]ithout passing on the merits," and remanded with instructions that the district court dismiss the proceedings without prejudice to a later enforcement action. *See id.* (Mar. 15, 1996 docket entry). We are confident *Parks* would not have persuaded the district court to overlook the impropriety of his rehashed argument and to grant Rule 60(b) relief.

## C.    Whether Zook was targeted for an illegitimate reason

In his response to the show-cause order, Zook asserted that the former tenant informed the EPA about peeling paint at his building in an effort to extort or blackmail Zook for the return of her full security deposit and that the EPA was complicit in that alleged crime. In his Rule 60(b) motion, Zook argued the district court failed to address this assertion, claiming it was relevant because "the court, as a matter of public policy, ought not acquiesce [sic] the EPA in its improper assistance to and rewarding of persons who would feloniously misuse this important agency." R. at 62.

The district court assumed Zook was correct about the informant's motives but observed he had provided no authority, nor was the court aware of any, requiring "it to conclude that when an agency acts on the basis of a tip from someone with allegedly improper motives, the *agency's* actions that follow become improper."

R. at 80.  The court further observed that Zook had "provided no evidence beyond his own assertions the informant had improper motives," *id.*, and that he failed to "demonstrate[] that the EPA acted, or sought to act, in an abusive manner towards him," which would be "prohibited" under *Oklahoma Press Publishing Co. v. Walling*, 327 U.S. 186, 216 (1946), R. at 83.

On appeal, Zook contends the court overlooked his statement regarding alleged cooperation between the informant and the EPA, and because that statement was in a sworn pleading, it put the burden on the EPA to produce contrary evidence.  When the EPA failed to do so, he concludes, the court was required to infer that the EPA had abused its power.  We disagree.  As noted, the court credited his statement as to the informant's motives but concluded he had not shown the EPA's actions were abusive.  And contrary to Zook's position, the burden to show an agency has abused the subpoena process is on the respondent to the subpoena, and "unsupported allegations" are insufficient to meet that burden.  *SEC v. Blackfoot Bituminous, Inc.*, 622 F.2d 512, 515 (10th Cir. 1980).  Even though Zook's statement was in a sworn pleading, it was still unsupported.  We therefore see no error in the district court's rejection of this argument for lack of supporting authority or any evidence of an improper purpose.

### III. Conclusion

The district court's Order On Motion To Alter Or Amend Judgment is affirmed.

Entered for the Court

Allison H. Eid
Circuit Judge