**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-7159**

CLARK D. THOMAS,

        Petitioner - Appellant,

    v.

MCKENDLEY NEWTON, Warden of Allendale Correctional Institution; ALAN M. WILSON, Attorney General of South Carolina,

        Respondents - Appellees.

Appeal from the United States District Court for the District of South Carolina, at Charleston.  Margaret B. Seymour, Senior District Judge.  (2:19-cv-03179-MBS)

Submitted:  March 16, 2023                          Decided:  June 16, 2023

Before WYNN and RICHARDSON, Circuit Judges, and KEENAN, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Clark D. Thomas, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Clark D. Thomas seeks to appeal the district court's orders dismissing his 28 U.S.C. § 2254 petition and denying reconsideration of its order dismissing his § 2254 petition. In civil cases, parties have 30 days after the entry of the district court's final order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement," *Bowles v. Russell*, 551 U.S. 205, 214 (2007), and "an appeal from denial of [Fed. R. Civ. P.] 60(b) relief does not bring up the underlying judgment for review," *Aikens v. Ingram*, 652 F.3d 496, 501 (4th Cir. 2011) (en banc) (internal quotation marks omitted). The district court's order dismissing Thomas' § 2254 petition was entered on March 24, 2021. The notice of appeal was filed no earlier than July 3, 2021. Thomas' appeal from the dismissal of his petition is untimely, he did not obtain an extension or reopening of the appeal period, and his motion for reconsideration did not extend the appeal period because it was not filed within the period for seeking relief under Fed. R. Civ. P. 52 or Fed. R. Civ. P. 59(e). *See Parker v. Bd. of Pub. Utils.*, 77 F.3d 1289, 1291 (10th Cir. 1996) (holding that Fed. R. Civ. P. 59(e) time period is triggered by entry of judgment, not service of notice). Accordingly, we dismiss this portion of the appeal for lack of jurisdiction.

Thomas also seeks to appeal the district court's order denying on the merits his motion to reconsider the court's prior order denying relief on his § 2254 petition. Because Thomas' motion was not filed within 28 days after the entry of the district court's order dismissing the action, the motion is properly construed as filed pursuant to Fed. R. Civ. P.

2

60(b).  *See* Fed. R. Civ. P. 52(b), 59(e) (providing 28-day filing period); *MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 277-78 (4th Cir. 2008) (explaining that postjudgment motions should be construed based on time period within which they are filed).  The order is not appealable unless a circuit justice or judge issues a certificate of appealability.  28 U.S.C. § 2253(c)(1)(A); *see generally United States v. McRae*, 793 F.3d 392, 400 & n.7 (4th Cir. 2015).  A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists could find the district court's assessment of the constitutional claims debatable or wrong.  *See Buck v. Davis*, 580 U.S. 100, 115-17 (2017).  When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right.  *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Limiting our review of the record to the issues raised in Thomas' informal brief, we conclude that Thomas has not made the requisite showing.  *See* 4th Cir. R. 34(b); *see also Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014) ("The informal brief is an important document; under Fourth Circuit rules, our review is limited to issues preserved in that brief.").  Accordingly, we deny a certificate of appealability and dismiss the appeal. We deny Thomas' request to appoint counsel.  We dispense with oral argument because

3

the facts and legal contentions are adequately presented in the materials before this court

and argument would not aid the decisional process.

*DISMISSED*